IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

WILLIAM COREY JAMISON,

        Petitioner,

v.                                    Case No. 1:17-cv-03258

BARBARA RICKARD, WARDEN,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is William Corey Jamison's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1 and 2). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's § 2241 petition (ECF Nos. 1 and 2) and this civil action.

## BACKGROUND AND PETITIONER'S CLAIM

### A.    Petitioner's conviction.

On August 7, 2012, Petitioner pled guilty, pursuant to a written plea agreement, to one count of distribution of a measurable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), in the United States District Court for

the Western District of Virginia (hereinafter "the sentencing court"). *United States v. Jamison*, No. 4:12-cr-00017 (W.D. Va. Aug. 7, 2012), ECF No. 22. Petitioner's plea agreement waived his right to file a direct appeal and to seek collateral relief unless based upon a claim of ineffective assistance of counsel. *Id.*, ECF No. 21.

At his initial sentencing on November 27, 2012, Petitioner was determined to be an armed career criminal, as defined in 18 U.S.C. § 924(e) (the Armed Career Criminal Act or "ACCA"), due to having three prior Virginia burglary convictions. Thus, he was subject to a statutory mandatory minimum sentence of 15 years on his felon in possession charge, a sentencing guideline level of 34 (which was reduced to a level 31 based upon acceptance of responsibility), and a criminal history category of VI. *Id.*, ECF No. 41 at 13. Petitioner was sentenced to serve 200 months of imprisonment, followed by a three-year term of supervised release. *Id.*, ECF No. 29. Petitioner did not appeal his judgment to the United States Court of Appeals for the Fourth Circuit.

**B.    Petitioner's prior post-conviction filings.**

On or about October 8, 2015, Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the sentencing court, challenging his ACCA-enhanced sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was initially dismissed as being untimely filed. *Id.*, ECF No. 171. However, on September 19, 2017, based upon the government's agreement, the United States Court of Appeals for the Fourth Circuit vacated Petitioner's judgment and remanded the matter to the district court for further proceedings. *United States v. Jamison*, No. 17-6173 (4th Cir. Sept. 19, 2017). *Id.,* ECF No. 80. The Fourth Circuit's mandate issued on November 13, 2017, and Petitioner's judgment was vacated on November 14, 2017. *Id.*, ECF Nos. 82 and 83.

On January 4, 2018, Petitioner was resentenced to concurrent terms of 90 months in prison on each count of conviction, followed by a three-year term of supervised release. *Id.*, ECF No. 89.   Petitioner was released to supervision on December 7, 2018.

### A.    The instant petition for writ of habeas corpus.

At the time he filed this petition, Petitioner was incarcerated at FCI McDowell in Welch, West Virginia.   The instant petition documents (ECF Nos. 1 and 2) assert that Petitioner's prior Virginia burglaries do not qualify as predicate offenses for the career offender enhancement under the United States Sentencing Guidelines (hereinafter "USSG" or "guidelines"),[1] in light of the Supreme Court's decisions in *United States v. Descamps*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016).

Specifically, Petitioner contends that Virginia burglary is broader than the generic burglary offense defined in the career offender guideline.   Consequently, he contends that his prior convictions do not meet the criteria for the career offender enhancement and that he must be resentenced without it.   Because it is apparent that Petitioner's petition is either moot or that he is not entitled to any collateral relief under § 2241, the undersigned has not required Respondent to respond to the petition.

---

1 Section 4B1.1(a) of the guidelines provides that "A defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

At his initial sentencing, Petitioner was sentenced as an armed career criminal under the ACCA, which raised his guideline level to 34 and his criminal history category to VI.   *See* Transcript of Sentencing at 13, Case No. 4:12-cr-00017 (W.D. Va. Nov. 27, 2012), ECF No. 41 (applying USSG §§ 4B1.4(b)(3)(A) and (c). While there is no transcript on the public docket from Petitioner's re-sentencing, and the undersigned cannot access his sealed revised Presentence Investigation Report, based upon a review of the documents that are available on the public docket, it appears that Petitioner was re-sentenced to 90 months in prison, without any application of the career offender guideline.   *See* Sentencing Memorandum at 2, Case No. 4:12-cr-00017 (W.D. Va. Dec. 28, 2017), ECF No. 87; *Id.*, ECF No. 89, Amended Judgment.

## ANALYSIS

### A.    Petitioner's claim for relief is moot due to his re-sentencing.

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.   U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).   When a case or controversy no longer exists, the claim is said to be moot. In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.  *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).

Petitioner is not serving a sentence affected by the career offender guideline enhancement because, subsequent to filing the instant petition, his judgment was vacated, and he was re-sentenced without application of the career offender guideline enhancement and released to supervision.   Accordingly, it appears that his claim for relief is now moot.

### B.    Petitioner is not entitled to relief under section 2241.

Even if the court were to find that Petitioner's claim is not moot, he is not entitled to any relief in this court.   28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in 28 U.S.C. § 2255, unless Petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of his

detention.    *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").    *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause."

Accordingly, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue such relief under § 2241.    Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under § 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).    Despite the fact that *Wheeler* was decided after the instant petition was filed and, thus, is not specifically referenced therein, it is the current governing authority for his claim.

Although Petitioner appears to be asserting that, pursuant to *Descamps* and *Mathis*,[2] there has been an intervening change in law that retroactively affects his case, those decisions involve a purely procedural rule that has not been made retroactive on collateral review.    Courts within the Fourth Circuit, where Petitioner was both convicted and is incarcerated, have found that *Descamps* and *Mathis* do not represent a substantive change in the law, as required by *Wheeler*.    *See, e.g., Adams v. Coakley*, No. 1:17-cv-180, 2019 WL 3428549, at *2 (N.D. W. Va. July 30, 2019) (collecting cases finding that *Mathis* is not retroactively applicable on collateral review); *Copeland v. Kassell*, 733 F. App'x 717 (4th Cir. 2018) (per curiam) (affirming dismissal of section 2241 petition because *Mathis* does not apply retroactively);    Rather, those cases set forth "a procedural rule that has not been made retroactive on collateral review."    *Adams*, 2019 WL 3428549, at *2; *Smalls v. Warden, FMC Butner*, No. 5:17-HC-2117-FL, 2019 WL 722571, * 3 (E.D.N.C. Feb. 20, 2019) (finding section 2241 petitioner could not meet second prong of *Wheeler* standard because *Descamps* and *Mathis* are not substantive decisions that are retroactive on collateral review).    Thus, these cases do not represent a change in substantive law that would apply retroactively on collateral review.[3]    Accordingly, Petitioner cannot meet the second prong of the *Wheeler* test.

2  In *Descamps* and *Mathis*, which were both direct appeals, the Supreme Court addressed the proper application of the categorical and modified categorical approaches in determining whether a prior conviction qualifies as a predicate offense for an enhanced sentence under the ACCA.    The Court made it clear that these decisions were dictated by, and mere clarifications of, prior case law.    Here, Petitioner asserts that his prior Virginia burglary convictions cannot serve as predicate offenses for the career offender enhancement under the principles set forth in *Descamps* and *Mathis*.

3    The case law applying *Mathis* relied upon in Petitioner's brief were direct appeals, which are distinguishable from collateral attacks.

Moreover, even if Petitioner could satisfy the second prong of *Wheeler*, and by extension, the third prong, he cannot satisfy the fourth prong, which requires a showing that, due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect.    *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018).    In *Lester*, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), when the United States Sentencing Guidelines ("Guidelines") were mandatory.    *Id*. at 714.

However, the *Lester* Court further explicitly noted that, had Lester's career offender misclassification occurred under the post-*Booker*, advisory Guidelines, which "lack legal force," his petition would have been barred as failing to meet the fourth *Wheeler* prong.    *Id*. at 715 ("*Foote*[4] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). The Court found that "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." *Id*.    Rather, under the advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." *Id*.    The *Lester* Court further recognized that "the savings clause should provide only the tightest alleyway to relief.    Section 2255 is not 'inadequate or ineffective'

---

4  In *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit addressed whether a claim that the defendant was misclassified as a career offender under the advisory Guidelines was cognizable under § 2255.    The *Foote* Court concluded that such a claim was not cognizable under § 2255.    784 F.3d at 932.    The court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"    *Id*. at 936 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).    The *Foote* Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.    *Id*. at 940, 944.

just because the prisoner can't successfully challenge his sentence under that provision." *Id.* at 716.   Thus, because Petitioner was sentenced under the post-*Booker*, advisory Guidelines, even if the career offender guideline was somehow misapplied in his case (despite appearing that it was not), the law of this Circuit makes clear that he cannot meet the fourth *Wheeler* prong, and, therefore, he fails to satisfy the § 2255(e) savings clause.

Presuming that Petitioner's claim is not mooted by his re-sentencing, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241.   Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claim contained in his § 2241 petition.

<u>**RECOMMENDATION**</u>

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1 and 2) and this civil action.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific

written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner at his last known address.

May 13, 2020

Dwane L. Tinsley
United States Magistrate Judge

9